# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-2070, 07-2073

_____

David G. Velde,

        Appellant,

    v.

Hans Reinhardt, Flywheel Grain, LLP
and Bill Hess,

        Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted:  January 16, 2008
Filed:  September 24, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

_____

ERICKSON, District Judge.

David G. Velde, a bankruptcy trustee for the District of Minnesota, appeals the decision of the district court[2] reversing and vacating prior decisions of the bankruptcy court in three adversary proceedings.  The trustee contends that four  bank checks

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

received by Hans Reinhardt, Flywheel Grain, LLP and Howard Steinmetz in replacement of four dishonored checks were payments made within the ninety-day period prior to the filing a bankruptcy and were thus prohibited preferences under the Bankruptcy Code § 547(b). Because we conclude the replacement checks resulted in the release of banks' security interest in collateral, each bank check constitutes a contemporaneous exchange for new value falling within an exception to the trustee's avoidance powers as set forth in Velde v. Kirsch, 07-2017, issued contemporaneously with this opinion, we affirm.

I.

On February 3, 2004, an involuntary Chapter 7 bankruptcy petition was filed against Daniel Miller, the owner of Danielson Grain, a crop storage elevator in East Grand Forks, Minnesota. Miller converted the involuntary case to a Chapter 11 proceeding. On September 29, 2004, the Bankruptcy Court converted Miller's petition back to a Chapter 7 case and appointed David Velde as trustee of Miller's bankruptcy. The trustee commenced several adversary proceedings, including these cases, to recover the value of checks that Miller issued during the ninety-day period prior to the bankruptcy filing. The facts in each case are similar. In December 2003, Miller issued checks payable to Reinhardt, Steinmetz, and Flywheel Grain. A check in the amount of $100,332.75 payable to Reinhardt and his bank in payment for canola that Reinhardt had delivered to Miller was issued and dishonored by Miller's bank. It was later partially replaced with a $50,000 bank check which came from funds in Miller's bank account. Miller had also issued a check in the amount of $12,000 payable to Steinmetz and his bank to pay for wheat that Steinmetz had previously delivered to Miller. When that check was dishonored by Miller's bank Miller replaced it with a bank check that was drawn on funds paid to the bank by Miller. Miller issued two checks to Flywheel Grain and its bank to pay for grain and soybeans that Flywheel Grain had previously delivered to Miller. These checks were also dishonored and were ultimately replaced with two bank checks totaling $300,000 from

funds that were in Miller's account. The replacement check issued to Reinhardt omitted his bank as a payee but Reinhardt endorsed the check and delivered it to his bank. All the replacement checks were delivered to the payees' banks and resulted in the extinguishment of valid crop liens held by the various banks. Reinhardt, Steinmetz and Flywheel Grain all contend that the release of their banks' security interests upon receipt of the replacement bank checks constitute contemporaneous exchanges for new value taking the transactions out of the bankruptcy trustee's avoidance powers. The District Court reversed the Bankruptcy Court which had found the payments to be an avoidable preference. This appeal followed.

## II.

The issue presented is whether a trustee may avoid a pre-bankruptcy transaction pursuant to 11 U.S.C § 547 (1993) where a debtor issues a replacement check jointly payable to a creditor and his bank for one previously issued and dishonored or whether a contemporaneous exchange for value occurs when the bank releases a perfected security interest in the debtor's property only after receipt of payment from the second check. For the reasons set forth in our opinion issued today in Velde v. Kirsch, 07-2017, the judgment of the district court is affirmed.

_____